UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ROBERT DESHAWN SIMPSON,

                Plaintiff,

v.                                                 Case Number 10-13940
                                                 Honorable Thomas L. Ludington
A & E TELEVISION NETWORKS/FIRST 48,

                Defendant.
_____/

## **OPINION AND ORDER OF DISMISSAL**

       Plaintiff Robert Deshawn Simpson, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 4, 2010. Defendant, A & E Television Networks/First 48, is a television company and show based in New York City. The complaint alleges that Plaintiff was arrested in 2006 and interrogated at a police precinct in Detroit, Michigan. Although he admitted to being under the influence of marijuana and heroin, the interview continued and apparently was taped by a cameraman in the room.

       Plaintiff was charged with first-degree murder, and he appears to allege that he was tricked, cajoled, threatened, and coerced into signing a form to have the videotape of his interrogation aired on television. He claims that he did not understand what was happening at the time because he was under the influence of drugs. He also claims that his life has been endangered in prison and that his grandmother's home was taped without her consent. He allegedly wrote to the defendant on May 20, 2010, and complained about the airing of the segment, but never received a reply. His complaint seeks to prohibit Defendant from using the taped segment.

Due to his lack of financial resources, the Court permitted Plaintiff to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)).

Plaintiff's complaint is frivolous and lacks an arguable basis in law because the only defendant is a private entity, not a person or entity acting under color of state law. "Private individuals and companies do not act under color of state law." *Thomas v. Better Business Bureau, of the Mid-South*, 79 F. App'x 748, 748 (6th Cir. 2003). "[A] private entity can be held to constitutional standards [only] when its actions so approximate state action that they may be fairly attributed to the state." *Lansing v. Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Conduct is fairly attributable to the state when: (1) the deprivation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) the party charged with the deprivation is "a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because

2

his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.

Plaintiff cannot demonstrate, and his complaint does not allege, that Defendant is a state actor or that the alleged deprivation was caused by the exercise of some state-created right or privilege or by a rule of conduct imposed by the state or a person for whom the State is responsible. Consequently, his allegations do not form a proper basis for a complaint under 42 U.S.C. § 1983. *See Meuse v. Pane*, 322 F. Supp. 2d 36, 38 (D. Mass. 2004) (finding no merit in a § 1983 complaint brought against a television station for showing a picture of the plaintiff on an FBI "wanted" poster and for airing an interview with an FBI employee, because the plaintiff failed to allege that the station cooperated closely with any state authorities); *see also Mitchell v. Langley*, 172 F. App'x 900, 902 (10th Cir. 2006) (concluding in a civil rights case brought against a television network and producer that the plaintiff failed to plead a viable § 1983 claim because he admitted in his complaint that there was no state action component even though the plaintiff's arrest was taped while he was under the influence of drugs and alcohol).

Accordingly, it is **ORDERED** that the complaint [Dkt. #1] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further **ORDERED** that an appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he chooses to appeal this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                                                    s/Thomas L. Ludington  
                                                                    THOMAS L. LUDINGTON  
                                                                    United States District Judge

Dated: October 29, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2010.

        s/Tracy A. Jacobs
        TRACY A. JACOBS